IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01948-BNB-CBS

KATHRYN KIPLING,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, d/b/a Minnesota Division of State Farm Mutual Automobile Insurance Company,

Defendant.

## ORDER

This matter arises on the following:

(1)   **Defendant State Farm's Motion for Stay of Execution on Judgment Pending Resolution of Appeal** [Doc. # 104, filed 6/17/2013] (the "Motion to Stay"); and

(2)   **Defendant State Farm's Motion for Approval of Supersedeas Bond** [Doc. # 105, filed 6/17/2013] (the "Motion to Approve Bond").

The plaintiff does not object to either motion, stating that she "stipulates and agrees that she will stay execution on the judgment pending resolution of appeal," Response [Doc. # 107] at ¶1, and that she "does not require Defendant to post a supersedeas bond based on Plaintiff's agreement to stay execution of the judgment." Response [Doc. # 106] at ¶1.

Rule 62(b), Fed. R. Civ. P., provides in relevant part:

> **(b) Stay Pending the Disposition of a Motion.**  On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions:
> \* \* \*

>> **(3)** under Rule 59, for a new trial or to alter or amend a judgment.
>
> \* \* \*
>
> **(d) Stay with Bond on Appeal.**   If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . .  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond.

Although the Motion to Approve Bond recites that "State Farm will post a bond in the amount of $4,500,000.00"; "[t]he bond to be posted by State Farm is in the form of a corporate surety bond, issued by a corporate surety authorized to do business in the State of Colorado"; and the bond "is accompanied by a power of attorney showing the authority of the agent for the surety signing the bond," no form of bond is provided for my review.  I cannot approve a bond without the opportunity to review its full terms.

IT IS ORDERED:

(1)   The Motion to Stay [Doc. # 104] is GRANTED pending the determination of the defendant's Motion to Alter or Amend Judgment; and

(2)   The Motion to Approve Bond [Doc. # 105] is DENIED without prejudice to being renewed with a copy of the proposed bond attached to the renewed motion as an exhibit.

Dated June 24, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge