IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01948-BNB-CBS

KATHRYN KIPLING,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, d/b/a Minnesota Division of State Farm Mutual Automobile Insurance Company,

Defendant.

**ORDER**

This matter arises on **Defendant State Farm's Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e)** [Doc. # 103, filed 6/14/2013] (the "Motion to Alter Judgment"), which is DENIED.

The facts of the case are well known to the parties and are stated in substantial detail in my Order denying State Farm's motion for summary judgment [Doc. # 54] and Order denying State Farm's motion to reconsider order denying summary judgment [Doc. # 81]. I will not repeat them here.

After I denied State Farm's motions for summary judgment and to reconsider, the case proceeded to trial by jury. The sole issue presented at trial was "a determination of the additional damages to Ms. Kipling, if any, resulting from her injuries and the death of Mr. Kipling from the July 27, 2009 automobile accident." Final Pretrial Order [Doc. # 73] at Part 3(b). The jury returned a verdict for the plaintiff on both theories [Doc. ## 94-1 and 94-2], resulting in the entry of a final judgment for the plaintiff in the amount of $4,444,750.75, plus

post-judgment interest and costs. Final Judgment [Doc. # 99].

State Farm now seeks an order under Fed. R. Civ. P. 59(e) altering or amending the judgment "to exclude Plaintiff's recovery on her claims." Motion to Alter Judgment [Doc. # 103] at p. 14. As grounds, State Farm argues that there is no insurance coverage under the Minnesota insurance policies because the Kiplings do not qualify as insureds within the terms of those policies. Id. at p. 1. The argument is as follows:

(1)  The named insureds under each of the four Minnesota policies is "Quicksilver Express Courier, Inc.," a business entity. Declaration Page [Doc. # 26-3] at p. 2.

(2)  Under the unambiguous terms of the Minnesota policies, where, as here, the named insured is a business, "insured" for purposes of uninsured motorist coverage means "any person while occupying . . . your car." Id. at p. 5. In addition, "your car" is defined as "the vehicle shown under 'YOUR CAR' on the Declaration Page." Car Policy [Doc. # 26-13] at p. 6. The Suburban occupied by the Kiplings at the time of the accident is not identified as "your car" on the declaration page of any of the Minnesota policies. Thus, according to State Farm, "[p]laintiff and her husband were not a named insured shown on the declarations page and they were admittedly not occupying any of the four Minnesota vehicles, at the time of this loss. Plaintiff and her husband did not qualify as insureds under the Minnesota policies." Motion to Alter Judgment [Doc. # 103] at p. 6.

(3)  Finally, State Farm relies on State Farm Ins. Exchange v. Anderson, 260 P.3d 68 (Colo. App. 2010), for the proposition that the Colorado supreme court's decision in DeHerrera v. Sentry, 30 P.3d 167 (Colo. 2001), "did not hold that an insurance policy providing coverage only to 'persons occupying a covered vehicle' was void; it held that a person designated as an

insured in the policy cannot be denied coverage because of the type of the vehicle that he or she occupies at the time of the injury." Motion to Alter Judgment [Doc. # 103] at p. 10.  Thus, State Farm argues, Anderson clarifies DeHerrera and holds that "[i]t is neither contrary to the Colorado UM/UIM statute, nor against public policy, to define who is an 'insured' in terms of vehicle occupancy when dealing with persons other than an individual named insured and his or her resident relatives. . . . . [W]hen the named insured is a business or corporation, UM/UIM coverage arises only when such persons are using or occupying a covered vehicle." Id. at p. 2.

I agree with the plaintiff that the Motion to Alter Judgment comes too late and is an improper attempt to advance a new argument which could and should have been raised prior to trial and the entry of judgment. Response [Doc. # 111] at pp. 1, 3-4.  As the circuit court ruled in Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000):

> Grounds warranting a motion to reconsider [under Fed. R. Civ. P. 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

State Farm asserts that it did argue, as a matter for threshold determination, that the Kiplings do not qualify as insureds under the Minnesota policies, and it points to passages in its briefing on summary judgment to that effect. See Motion to Alter Judgment [Doc. # 114] at pp. 2-5. It certainly is true that State Farm argued generally that the plaintiff and her husband do not qualify as insureds, but it never made the more specific argument now raised in the Motion to Alter Judgment.  The current argument turns on whether the Colorado court of appeal's decision in Anderson limits the Colorado supreme court's ruling in DeHerrera.  It also implicates the

propriety of the earlier Colorado appellate court's decision in Bernal v. Lumbermens Mutual Casualty Co., 97 P.3d 197 (Colo. App. 2003), which the Anderson court expressly refused to follow.  Anderson, 260 P.3d at 83 (stating that "[t]o the extent the Bernal division went beyond that rationale to hold that *all* types of vehicle restrictions on UM/UIM coverage are void for *all* classes of insureds, we decline to follow it").  State Farm did not raise either of these points previously, however.  To the contrary, it did not cite to or discuss DeHerrera, Anderson, or Bernal at all in any of its four briefs submitted in support of its motion for summary judgment or motion to reconsider ruling on motion for summary judgment.  See Motion for Summary Judgment [Doc. # 26]; Reply In Support of Motion for Summary Judgment [Doc. # 47]; Motion to Reconsider Order Denying Motion for Summary Judgment [Doc. # 66]; and Reply In Support of Motion to Reconsider [Doc. # 76].[1]

The novelty of State Farm's argument is further demonstrated by the fact that the argument is contrary to State Farm's previous conduct.  State Farm paid to the plaintiff UM benefits under an insurance policy issued to a business entity, Quick Silver Express Courier Inc., covering a 2005 Ford F350SD pickup truck (the "Ford F350 Policy") which was not involved in the accident and was not occupied by the Kiplings at the time of the accident.  Reply In Support of Motion for Summary Judgment [Doc. # 47] at p. 15.  The Colorado Ford F350 Policy contains a substantially identical definition of "insured" as is found in the Minnesota policies (purporting

---

[1] The plaintiff relied on both DeHerrera and Bernal in her Response In Opposition to Motion for Summary Judgment, and cited Anderson.  Response In Opposition to Motion for Summary Judgment [Doc. # 44] at pp. 19-23.  State Farm did not advance its present argument in reply.  See Reply [Doc. # 47].

to limit insureds to persons occupying the Ford F350 at the time of injury).[2]  State Farm paid benefits to the plaintiff under the Ford F350 Policy even though neither she nor Mr. Kipling appear to qualify as insureds on that policy under the argument now advanced in the Motion to Alter Judgment.  State Farm's conduct in paying UM benefits to the plaintiff under the Ford F350 Policy recognizes that Colorado public policy prohibits an insurer from limiting UM coverage to a person occupying a particular vehicle at the time of injury.

I view State Farm's failure to raise previously the particular argument asserted in its Motion to Alter Judgment as dispositive of the matter.  In fact, the Motion to Alter Judgment is State Farm's fourth bite at the apple.  State Farm filed a motion for summary judgment, which was fully briefed and argued orally.  When my decision on summary judgment was adverse to it, I allowed State Farm to file a motion for reconsideration of that ruling.  Then there was a trial.  At no time during any of those proceedings did State Farm make the argument made here based on Anderson.  As the circuit court ruled in U.S. ex rel. Noyes v. Kimberly Const., Inc., 43 Fed.Appx. 283 (10th cir. 2002)(unpublished):

---

[2]Specifically, the applicable Minnesota endorsements provide that because the named insured under the Minnesota policies is a business (rather than an individual), for purposes of uninsured motor vehicle coverage "Insured" means "any person while occupying . . . your car." See, e.g., Minnesota Endorsement [Doc. # 117-2] at p.5 of 6.  And the Minnesota policies [Doc. # 117-1] defines "Your Car" as the "vehicle shown under 'YOURCAR' on the Declaration Page." Id. at p. 6 of 46.  Similarly, the Colorado Ford F350 Endorsement, also involving a policy with a business as the named insured, defines "Insured" for purposes of uninsured motor vehicle coverage as "any person who is occupying a vehicle that would qualify as . . . 'your car.'"  Ford F350 Endorsement [Doc. # 117-7] at p. 5 of 16.  And the Ford F350 Policy defines "Your Car" as "the vehicle shown under YOUR CAR on the Declarations Page."  Ford F350 Policy [Doc. # 117-6] at p. 5 of 28.

> Rule 59(e) motions "are aimed at *re*consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.

Id. at 287 (quoting Jorge Rivera Surillo & Co. v. Falconer Glass Indus., 37 F.3d 25, 29 (1st Cir. 1994)) (original emphasis). The Anderson case was decided in 2010, long before State Farm's briefing here. State Farm's new argument based on that case could (and should) have been made before trial and entry of judgment.

Even if the argument were timely, I do not agree that Anderson compels altering the judgment to exclude the plaintiff's recovery. In Bernal, a different panel of the Colorado court of appeals confronted facts substantially similar to those presented here. As here, the insurance policy at issue was a business policy, with Pepsi Bottling Company as the named insured. A provision of the policy attempted to limit UM coverage to persons "'occupying' [Pepsi's] OWNED PRIVATE PASSENGER 'AUTOS' ONLY," which excluded from UM coverage the company truck involved in the accident. The panel in Bernal held that it was bound by the state supreme court's decision in DeHerrera and that public policy, "as articulated in DeHerrera," precluded the restriction limiting coverage to a person "occupying" a particular vehicle, explaining:

> The supreme court held that the insurer could not deny these benefits based on the insured's occupancy of a particular vehicle because "the statute provides coverage for *persons*; it does not place geographical limits on coverage and does not purport to tie protection against uninsured motorists to occupancy in any kind of vehicle."
>
> The . . . holding [in DeHerrera] protects an innocent insured "*whenever* or *wherever* bodily injury is inflicted upon him by the

> negligence of an uninsured motorist" and "without regard to the
> vehicle occupied by the insured at the time of the injury."
>
> \* \* \*
>
> Moreover, the court in DeHerrera considered but was not
> persuaded by a potentially "unjust result" involving circumstances
> similar to the present case: "[A] family owning more than one
> vehicle may purchase insurance for only one vehicle, under the
> rule of this case, and yet recover UM/UIM benefits when struck by
> an uninsured motorist while occupying any of its owned but
> uninsured vehicles."

Bernal, 93 P.3d at 203 (quoting DeHerrera, 30 P.3d 167) (original emphasis). Indeed, the state supreme court held that "the UM/UIM statute requires that UM/UIM insurance apply to an insured person who purchases such coverage when injured in an accident caused by an underinsured motorist, irrespective of the vehicle the injured insured occupies at the time of injury." DeHerrera, 30 P.3d at 176.

In my view, the panel decision in Bernal is more consistent with the controlling authority of DeHerrera. Consequently here, as in Bernal, State Farm's attempt to restrict UM coverage under the Minnesota policies to occupants of the automobiles identified on the declaration pages violates Colorado public policy as announced in DeHerrera and is void.

IT IS ORDERED that the Motion to Alter Judgment [Doc. # 103] is DENIED.

Dated September 3, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge