# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01948-NYW-CBS

KATHRYN KIPLING,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
doing business as, Minnesota Division of State Farm Mutual Automobile
Insurance Company,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Motion for Judicial Review of Certain Costs Pursuant to Fed. R. Civ. P. 54(d)(1) ("Motion for Review") [#179, filed April 13, 2016], and pursuant to 28 U.S.C. § 636(c), the Order of Reference dated January 26, 2012 [#19], and the Order of Reassignment dated February 10, 2015 [#137]. Plaintiff Kathyrn Kipling ("Plaintiff" or "Ms. Kipling") requests that the court review the Clerk of the Court's taxation of costs of $2,606.25, associated with obtaining the transcript from the three-day jury trial on damages conducted in May 2013.[1] [#179 at 1]. Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") opposes Ms. Kipling's request, arguing that the Clerk of the Court properly included the fees because the transcript was "necessarily obtained

---

[1] While Plaintiff indicates that the cost associated with the transcript is $2,606.25, that amount reflects the transcript costs associated with the three-day trial plus two additional proceedings. [#173-3]. The amount associated with an original and one certified copy of the transcript is $2,325.00 ($1,020 + $750 + $555). [*Id.*]. Because Plaintiff makes no arguments that these other transcripts were not "necessarily obtained for the use in this case," [#181 at 2-3], this court considers only $2,325.00 at issue.

for the use in this case." [#180]. In Reply, Plaintiff argues that the transcript of the damages jury trial was used for the purposes of the appeal, and therefore, should not be taxed. [#181]. The court has reviewed the Parties' submissions, including the instant Motion, Defendant's Opposition, and Plaintiff's Reply, the applicable case law, and the docket in this matter, and for the following reasons, GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Review.

## BACKGROUND

This case arises from a dispute between Ms. Kipling and State Farm over underinsured motorist ("UIM") coverage. On July 27, 2009, Ms. Kipling was involved in a car collision that resulted in the death of her husband and her own severe personal injury. [#1]. State Farm paid Ms. Kipling the policy limits of the two policies the Kipling household held. At the time, Mr. Kipling worked as an Office Manager for Quicksilver Express Courier of Colorado, Inc., ("Quicksilver – Colorado"), which carried four additional policies ("Minnesota Policies") on vehicles registered in the State of Minnesota and titled to Quicksilver Express Courier, Inc. ("Quicksilver"). Ms. Kipling sought benefits under these Minnesota Policies, and State Farm denied her claim.

Ms. Kipling initiated this lawsuit on July 27, 2011, asserting a single claim for breach of contract. [#1]. The Complaint, however, was not served until October 24, 2011 [#9], and State Farm timely answered on November 14, 2011. [#10]. From the beginning, it appears that the operative inquiry was whether Plaintiff qualified for coverage under the Minnesota Policies. *See, e.g.*, [#10 at ¶ 3]. On April 17, 2012, two months prior to the deadline set by the Scheduling Order [#15 at 7], State Farm filed its Motion for Summary Judgment arguing that Plaintiff was not entitled to UIM benefits under the Minnesota Policies. [#26]. After multiple extensions,

Plaintiff filed a Response on September 11, 2012 [#44]. On November 6, 2012, the court denied State Farm's Motion for Summary Judgment. [#54]. The court then denied State Farm's Motion for Reconsideration of its Order denying State Farm's Motion for Summary Judgment on April 3, 2013 [#81], and the Parties proceeded to trial on the issue of damages from May 13-15, 2013. [#92-#94]. Final judgment entered in favor of Ms. Kipling for the sum of $4,444,750.75, plus costs on May 28, 2013. [#99]. State Farm then filed, *inter alia*, a Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e), again arguing that as a legal matter Ms. Kipling could not recover under the Minnesota Policies. [#103].

On September 17, 2013, after denial of its post-trial motions, State Farm appealed the final judgment to the United States Court of Appeals for the Tenth Circuit. [#120]. The Notice of Appeal focused on the court's denial of State Farm's Motion for Summary Judgment and the denial of the reconsideration of the Motion for Summary Judgment. *See* [*id.*] While the Notice of Appeal identified the Final Judgment, the Notice of Appeal did not identify particular issue with the jury verdict or evidentiary rulings made in the context of the damages trial. [*Id.*]. Counsel for State Farm then requested the transcript of the three-day jury trial on damages from the court's contracted court reporting services. [#123].

On December 29, 2014, the Tenth Circuit issued its Opinion and Judgment, reversing and remanding the case for further consideration. [#131]. After the mandate issued, this court proceeded to entertain cross-motions for summary judgment. This court issued its Opinion and Order on February 3, 2016, finding that Minnesota, rather than Colorado, contract law applied to the interpretation of the Minnesota Policies, [#164], and entered final judgment in favor of State Farm on February 4, 2016. [#165]. The court awarded State Farm costs pursuant to Fed. R. Civ. P. 54 as part of the Final Judgment. [*Id.*]

State Farm filed its proposed Bill of Costs on February 18, 2016. [#166]. The proposed Bill of Costs included "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." [#166]. State Farm also submitted a Statement Regarding Taxation of Costs [#173], including an invoice reflecting those transcripts. [#173-3]. The invoice reflects three sets of transcripts, with one original and one certified copy: (1) the transcript of the Trial Preparation Conference held on May 2, 2013 [#90, #125]; (2) the transcript of the hearing on the Motion for Summary Judgment held on November 2, 2012 [#53, #126]; and (3) the transcript of the three-day jury trial on damages held between May 13 – 15, 2013. [*Id.*]. On April 6, 2016, the Clerk of the Court taxed $4,599.57 in costs, including $2,606.25 in "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." [#175].

## ANALYSIS

In a diversity case, federal law controls the court's assessment of costs. *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291-92 (10th Cir. 1988). Rule 54(d) provides, in pertinent part, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Thus, a court has the discretion to award costs to prevailing parties, unless a federal statute provides otherwise. *Marx v. General Revenue Corp.*, --- U.S. ----, 133 S. Ct. 1166, 1172, 185 L.Ed.2d 242 (2013). While there is a presumption that the prevailing party will be awarded costs, the decision as to whether to award costs ultimately lies within the sound discretion of the trial court. *See Marx*, 133 S. Ct. at 1172 (observing that "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court"); *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). The party seeking costs

4

carries the initial burden of persuasion to establish the amount of compensable costs and expenses. *Allison*, 289 F.3d at 1248-49 (citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986)). The non-prevailing party must then overcome the presumption that compensable costs and expenses should be awarded. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1191 (10th Cir. 2004). If a court exercises its discretion not to award certain costs, it must provide a valid reason for its determination. *See Utah Animal Rights Coalition v. Salt Lake County,* 566 F.3d 1236, 1245 (10th Cir. 2009).

*Necessarily Obtained For Use in this Case.* Courts considering whether a trial transcript was "necessarily obtained for use in this case," have considered whether the transcript was necessary to counsel's effective performance or the court's handling of the case. *See Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1078-79 (D. Kan. 2005) (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2677, at 438–40 (3d ed.1998). In satisfying the "necessary" standard, the moving party need not show the transcript was "indispensable." *Id.* at 1078. Necessity is judged at the time of the transcription. *U.S. Indus., Inc. v Touche Ross & Co.*, 854 F.2d 1223, 1248 (10th Cir. 1988), *overruling on other grounds recognized by Evans v. Loveland Automotive Investments, Inc.*, 632 F. App'x 496 (10th Cir. 2015). Courts consider the following factors in determining the "necessity" of a transcript: how it was used during a proceeding, *see United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 174 F.R.D. 479, 483-84 (D. Colo. 1997); whether the transcript was superfluous, extraneous, or merely for the convenience of counsel, *see Squires ex rel. Squires v. Breckenridge Outdoor Educ. Center*, Civil Action No. 10–cv–00309–CBS–BNB, 2013 WL 1231557, at *11 (D. Colo. Mar. 23, 2013); and the overall length, complexity, or contentiousness of the case, *see Aerotech Resources, Inc. v. Dodson Aviation, Inc.,* 237 F.R.D. 659, 655 (D. Kan. 2005).

State Farm contends that Plaintiff "attempts to focus too narrowly on the trial in hindsight while failing to consider State Farm's full defense of this lawsuit spanning five years, for which the transcripts appeared and were necessarily utilized as part of the appeal in which State Farm was ultimately found to be the prevailing party." [#180 at 2]. Plaintiff rebuts that use of the transcript was not necessary to the matter before this court because Defendant did not raise, and the Tenth Circuit did not consider, any issues related to damages. *See e.g.* [#179 at 3].

As an initial matter, this court respectfully disagrees with the conclusion that the trial transcript was not necessary merely because no issue regarding damages was raised on appeal. Whether or not the transcript is used on appeal is simply one factor for the court to consider. However, in reviewing the docket as whole, this court finds that the transcripts associated with the three-day jury trial on damages were not necessarily obtained for use in the matter before it.

Dating from almost the inception of the case, the Parties and the court have been focused on the legal issue of whether Ms. Kipling was covered under the Minnesota Policies. [#10 at ¶ 3]. Indeed, State Farm introduced its summary judgment motion with the statement: "This case is a simple matter of contract interpretation." [#26 at 1]. Defendant points to two specific instances in the jury trial transcript to support its argument that it is entitled to the costs associated with the transcript, *i.e.*, the Statement of the Case and the Motion for Directed Verdict [#180 at 7]. After reviewing the sections of the transcripts associated with these two issues, this court remains unpersuaded that the jury trial transcripts were necessarily for the use in this case. The Parties' colloquy with the court reveals no significant issue between the Parties regarding the statement of the case. *See* [#125 at 8; #127 at 7:18-8:5; #180-3]. Defendant's Motion for Directed Verdict on the legal issue of coverage simply renews the Defendant's Motion for Summary Judgment and Defendant's Motion for Reconsideration. *See* [#180-4 at 2-3].

Defendant's Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e) does not make use of the trial transcript or of any of the arguments specific to either the Statement of the Case or for Directed Verdict, but instead focuses on the choice-of-law and coverage issues. *See* [#103]. Finally, a review of the briefing associated with the Tenth Circuit appeal finds that the Parties did not implicate the trial transcripts. *See* [#180-5]. Taken altogether, this court concludes that the trial transcripts for the three-day jury trial on damages were not necessarily for use in the case herein at issue.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)  Plaintiff's Motion for Judicial Review of Certain Costs Pursuant to Fed. R. Civ. P. 54(d)(1) [#179] is **GRANTED IN PART and DENIED IN PART**;

(2)  The cost for the transcripts associated with the three-day jury trial on damages in the sum of $2325.00 is **NOT ALLOWED**; and

(3)  All other costs as taxed by the Clerk of the Court, including the costs of the transcripts associated with the Trial Preparation Conference and the hearing on the Motion for Summary Judgment, remain **ALLOWED**.

DATED: July 28, 2016                                      BY THE COURT:

                                                          s/Nina Y. Wang_____
                                                          United States Magistrate Judge